1

2

3

4

5

6                    IN THE UNITED STATES DISTRICT COURT

7                  FOR THE EASTERN DISTRICT OF CALIFORNIA

8  THOMAS WURTZBERGER,                )
                                      )
9              Plaintiff,             )    2:09-cv-01718-GEB-DAD
                                      )
10       v.                           )    ORDER
                                      )
11  RESMAE MORTGAGE CORPORATION;      )
   AMERICA'S SERVICING COMPANY;       )
12  MORTGAGE ELECTRONIC REGISTRATION  )
   SYSTEMS, INC.; HSBC BANK USA, as   )
13  trustee for ACE SECURITIES CORP.  )
   HOME EQUITY LOAN TRUST, SERIES     )
14  2007-HE3; NDEx WEST, LLC; AND DOES)
   1-10,                              )
15                                    )
               Defendants.            )
16  _____)

17         On June 29, 2009 Defendants Wells Fargo Bank dba America's

18  Servicing Company, ("ASC"), Mortgage Electronic Registration Systems,

19  Inc., ("MERS"), and HSBC Bank, USA ("HSBC"), as trustee for Ace

20  Securities Corp. Home Equity Loan Trust ("ACE") (collectively

21  "Defendants") filed a motion for dismissal of Plaintiff's Complaint

22  under Federal Rule of Civil Procedure 12(b)(6), arguing Plaintiff's

23  Complaint fails to state a claim upon which relief can be granted.

24  Defendants request that judicial notice be taken of documents

25  incorporated by reference into Plaintiff's Complaint and that those

26  documents be considered when the Court decides their motion.

27  Plaintiff opposes the motion, but does not oppose Defendants' judicial

28  notice.  Therefore, that request is granted.  U.S. v. Ritchie, 342

                                   1

F.3d 903, 908 (9th Cir. 2003)("A court may . . . consider . . . documents incorporated by reference in the complaint, or matters of judicial notice-without converting the motion to dismiss into a motion for summary judgment.").

BACKGROUND

Plaintiff alleges three claims in his Complaint: breach of contract, conversion, and wrongful foreclosure.  Each claim concerns an adjustable rate note ("ARN") Plaintiff signed on October 2, 2006. Plaintiff alleges in his Complaint: "[t]he Note states that Borrower owed Lender . . . $224,000.00, plus interest.  Borrower has promised to pay this debt in regular Periodic Payments and to pay the debt in full not later November 1, 2036."  (Compl. ¶ 15.)  Plaintiff also signed a Deed of Trust ("Deed") secured by Plaintiff's residence at 460 Alemar Way, Yuba City, California, 96991.  (Compl. ¶ 15; Ex. 2, 3.)  The Deed allows the lender to transfer the ARN to a successor trustee.  Plaintiff alleges on or about January 2007 Resmae sold the ARN and the Deed to ACE for "over 200% of [the $224,000 loan amount.]" (Compl. ¶ 25.)

Plaintiff "became behind on his mortgage payments in September, 2007, [but alleges he]  . . . attempted payment of all arrearage[] in November, 2007 [and] [t]he check was returned and it was explained that Plaintiff had to go through the foreclosure process."  (Compl. ¶ 27).  Plaintiff "makes a demand of Defendants [in his Complaint] for a full reconveyance under . . . Paragraph 23 of the Deed . . . ."  (Compl. ¶ 26.)  Paragraph 23 of the Deed provides "[u]pon payment of all sums secured by this Security Instrument, Lender shall request Trustee to reconvey the Property and shall surrender this Security Instrument and all notes evidencing debt

secured by this Security Instrument to Trustee.  Trustee shall
reconvey the Property without warranty to the person or persons
legally entitled to it." (Compl. ¶ 23; Ex. 2, ¶ 23.)

"On December 4, 2007, a Notice of Default was filed against
the Property," and "[o]n January 28, 2008, for value received, MERS
assigned the Deed . . . [and the ARN] to HSBC (the foreclosure
beneficiary at the foreclosure proceeding) . . . ." (Compl. ¶¶ 31-
32.)  Plaintiff alleges in February 2008 he attempted to modify the
loan and made three payments between March and June 2008.  (Compl. ¶
28).  A Notice of Trustee's Sale, however, was recorded against the
Property on March 11, 2008 and Ndex West was listed as the trustee.
(Compl. ¶¶ 33, 36.)  Plaintiff alleges there was never a properly
recorded substitution of Ndex West as the new trustee.  (Compl. ¶ 34.)
A trustee's sale occurred on November 4, 2008 on behalf of HSBC, but
Plaintiff alleges he never received notice of the trustee's sale
. . . ." (Compl. ¶ 36.)

Plaintiff's breach of contract claim against Resmae is based
on Resmae's failure to reconvey the property to Plaintiff when Resmae
allegedly received 200% of the loan obligation, in violation of
paragraph 23 of the Deed. (Compl. ¶ 41.)  Plaintiff's conversion claim
is based on Defendants' conversion of the "excess monies" from the
200% of the loan obligation received, and Defendants' refusal to
return the converted property.  (Compl. ¶¶ 50-55.)  Plaintiff alleges
in his wrongful foreclosure claim that because "Resmae had already
been paid in full on the indebtedness that the Deed . . . secure[d],"
MERS's assignment of the Deed to HSBC was "not effective;" therefore,
Ndex West did not have "the right to conduct a trustee's sale . . .
[or] foreclose on the Property." (Compl. ¶¶ 59, 64.)  Plaintiff also

alleges the foreclosure was wrongful because he "did not receive proper notice of the trustee's sale on November 11, 2008." (Compl. ¶ 63.)

STANDARD

"Federal Rule of Civil Procedure 8(a)(2) 'requires only a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)(internal citation omitted). "[W]e must in a review of all Rule 12(b)(6) motions, accept[] as true all facts alleged in the complaint, and draw[] all reasonable inferences in favor of the plaintiff." al-Kidd v. Ashcroft, --- F.3d ----, 2009 WL 2836448, at *5 (9th Cir. 2009). "Conclusory allegations of law and unwarranted inferences[, however,] are insufficient to defeat a motion to dismiss for failure to state a claim.  In determining whether plaintiff[] can prove facts in support of [his] claim that would entitle [him] to relief, [the Court] may consider facts contained in documents [incorporated by reference into] the complaint." National Ass'n for Advancement of Psychoanalysis v. California Bd. of Psychology, 228 F.3d 1043, 1049 (9th Cir. 2000) (internal citations and quotations omitted).

DISCUSSION

Defendants argue Plaintiff's breach of contract claim fails because Plaintiff has not alleged facts establishing that Defendants have breached the terms of any contract with Plaintiff.  Defendants are correct since the Deed and the ARN do not show Defendants had an obligation to reconvey the property to Plaintiff as Plaintiff alleges. Therefore, this portion of the motion is granted.

1       Defendants also seek dismissal of Plaintiff's conversion

2  claim, arguing Plaintiff has failed to allege all of the required

3  elements of this claim. (Defs' Mot. 9:5-20.) An element of a

4  conversion claim is that plaintiff was the owner of specified property

5  or had the right to possession of the property at the time of the

6  conversion. <u>Oakdale Village Group v. Fong,</u> 43 Cal.App.4th 539, 543-44

7  (1996). Since Plaintiff has not set forth sufficient facts alleging

8  this element, this portion of the motion is granted.

9       Lastly, Defendants argue Plaintiff's wrongful foreclosure

10  claim must fail because Plaintiff has not alleged he tendered the full

11  loan amount of $224,000, plus interest. (Defs' Mot. 10:4-8.) "It is

12  settled that an action to set aside a trustee's sale for

13  irregularities in sale notice or procedure should be accompanied by an

14  offer to pay the full amount of the debt for which the property was

15  security." <u>Arnolds Management Corp. v. Eischen</u>, 158 Cal.App.3d 575,

16  578 (1984). Therefore, this portion of Defendants' motion is granted.

17                   <u>CONCLUSION</u>

18       For the foregoing reasons, Plaintiff's complaint is

19  dismissed. However, Plaintiff requests leave to amend his complaint

20  should any claim be dismissed. Plaintiff is granted ten (10) days

21  from the date on which this Order is filed within which to file a

22  amended complaint curing any deficiency in a claim addressed above.

23  Dated: October 6, 2009

24

25                        _____

                      GARLAND E. BURRELL, JR.

26                    United States District Judge

27

28