```
                    IN THE UNITED STATES DISTRICT COURT

                  FOR THE EASTERN DISTRICT OF CALIFORNIA
```

THOMAS WURTZBERGER,        )
                           )
          Plaintiff,       )    2:09-cv-01718-GEB-DAD
                           )
     v.                    )    ORDER GRANTING DEFENDANTS'
                           )    MOTIONS TO DISMISS
RESMAE MORTGAGE CORPORATION; )
AMERICA'S SERVICING COMPANY; )
MORTGAGE ELECTRONIC REGISTRATION )
SYSTEMS, INC.; HSBC BANK USA, as )
trustee for ACE SECURITIES CORP. )
HOME EQUITY LOAN TRUST, SERIES )
2007-HE3; NDEx WEST, LLC,  )
                           )
          Defendants.      )
_____)

On November 2, 2009, Defendants Wells Fargo Bank, N.A. dba America's Servicing Company ("Wells Fargo"), Mortgage Electronic Registration Systems, Inc. ("MERS"), and HSBC Bank, USA, as trustee for Ace Securities Corp. Home Equity Loan Trust, Series 2007-HE3, ("HSBC") filed a motion under Federal Rule of Civil Procedure ("Rule") 12(b)(6) in which they seek dismissal of Plaintiff's First Amended Complaint ("FAC") without leave to amend. Plaintiff did not oppose the motion.

On November 5, 2009, Defendant NDEx West, LLC ("NDEx") filed a motion under Rule 12(b)(6), in which it seeks dismissal of Plaintiff's claims with prejudice. NDEx moves in the alternative for summary judgment under Rule 56, based on a conclusory argument which is not reached because of the below ruling on the dismissal motion. Plaintiff opposed NDEx's motion and requested leave to amend his claims against NDEx. (Opp'n 13:15-17.)

Further, on November 24, 2009, Defendant Resmae filed a verified "Suggestion of Bankruptcy," informing the Court that on

February 12, 2007, Defendant Resmae Mortgage Corporation ("Resmae") filed for bankruptcy, and that on June 5, 2007, the United States Bankruptcy Court for the District of Delaware confirmed a "Second Amended Plan of Reorganization of [Resmae]," ("Plan") which "discharged . . . [Resmae] from any Claim that arose before [that date], to the fullest extent provided by . . . the Bankruptcy Code." (Sugg. of Bankruptcy 2:22-25.) The Plan contains a "permanent injunction against any person commencing or continuing any action . . . to collect, offset, or recover any claim . . . ." against Resmae. (Id. 2:22-3:6.) Resmae argues: "Given the permanent injunction . . . Resmae respectfully requests that it be dismissed from this action." (Id. 3:5-6.) Plaintiff did not respond to this filing.

This permanent injunction enjoins Plaintiff's claims against Resmae. Therefore, Resmae's unopposed request to be dismissed from this action is granted.

## I. BACKGROUND

Plaintiff alleges four claims in his FAC against all Defendants: (1) wrongful foreclosure for failing to properly assign the [ARN] and Deed of Trust; (2) wrongful foreclosure for failing to validly substitute a trustee; (3) rescission of foreclosure for failing to property assign the Deed of Trust; and (4) rescission of foreclosure for failing to validly substitute a trustee. (FAC ¶¶ 29-43.) Each claim concerns an ARN Plaintiff signed on October 2, 2006, in which Plaintiff agreed to pay Resmae $224,000.00, and which was secured by Plaintiff's residence ("Property") through a Deed of Trust. (Id. ¶¶ 9-10.) Plaintiff attached to the FAC the ARN, the Deed of Trust, and the Notice of Default and Election to Sell the Property,

2

1  the Assignment of the Deed of Trust, the Notice of Trustee's Sale for
2  the Property, and the Trustee's Deed Upon Sale of the Property.
3  Plaintiff seeks damages, interest and reconveyance of the Property.
4       Plaintiff alleges in his FAC he "became behind on his
5  mortgage payments in September[] 2007 . . . [and] . . . attempted
6  payment of all arrearage[] in November[] 2007 [, but] [t]he check was
7  returned and it was explained that Plaintiff had to go through the
8  foreclosure process."  (Id. ¶ 16.)  "On December 4, 2007, a Notice of
9  Default was filed against the Property" naming NDEx as the foreclosure
10 trustee and "[o]n January 28, 2008, for value received, MERS assigned
11 the Deed of Trust, and purported to assign the [ARN], to HSBC (the
12 foreclosing beneficiary) . . . ."  (Id. ¶¶ 20-21.)
13      "On March 11, 2008, a Notice of Trustee's Sale was recorded
14 against the Property" listing NDex as the trustee and "indicat[ing]
15 that the sale would occur on March 26, 2008." (Id. ¶ 22.)  Plaintiff
16 alleges there was never a properly recorded substitution of NDex as
17 the new trustee.  (Id. ¶ 23.)
18      Plaintiff further alleges: "On November 4, 2008, NDEx
19 conducted a trustee's sale of Plaintiff's [P]roperty on behalf of
20 HSBC" and the "Trustee's Deed Upon Sale" indicates HSBC was the
21 beneficiary and purchaser at the sale, but Plaintiff never received
22 notice for the November 4, 2008, trustee's sale. (Id. ¶¶ 24-26.)  The
23 only notice of trustee's sale Plaintiff alleges he received was for
24 the trustee's sale scheduled for March 25, 2008. (Id. ¶ 25.)  Although
25 Plaintiff alleges the trustee's sale was scheduled for March 25, 2008,
26 the Notice of Trustee's Sale attached as Exhibit 5 to the FAC shows
27 that the trustee's sale was actually scheduled for March 26, 2008.
28

## II. LEGAL STANDARDS

When deciding a Rule 12(b)(6) dismissal motion, the Court "must . . . accept[] as true all facts alleged in the complaint, and draw[] all reasonable inferences in favor of the plaintiff." al-Kidd v. Ashcroft, 580 F.3d 949, 956 (9th Cir. 2009). "Conclusory allegations of law and unwarranted inferences[, however,] are insufficient to defeat a motion to dismiss for failure to state a claim." National Ass'n for Advancement of Psychoanalysis v. California Bd. of Psychology, 228 F.3d 1043, 1049 (9th Cir. 2000) (internal citations and quotations omitted).

Wells Fargo, MERS, HSBC, and NDEx (collectively "Defendants") request that judicial notice be taken of Plaintiff's FAC and/or certain documents attached to the FAC. These documents are the ARN, the Deed of Trust, the Notice of Default and Election to Sell, the Assignment of Deed of Trust, the Notice of Trustee's Sale, and the Trustee's Deed Upon Sale. Since "a plaintiff may attach a copy of a document to the complaint and incorporate it by reference; such a document become[s] a part of the pleading for all purposes." Reyes v. Department of Treasury, No. 1:09-cv-00319-LJO-SMS, 2009 WL 981604, at *2, n.1 (E.D. Cal. April 10, 2009)(referencing Fed.R.Civ.P. 10(c). Therefore, the referenced documents constitute part of the pleadings under the incorporation by reference doctrine.

Defendants also request that the Court take judicial notice of the publically recorded Substitution of Trustee. (Wells Fargo's Request for Judicial Notice ("RFJN") Ex. 2);(NDEx's RFJN Ex. 6). Defendant NDEx also requests that the Court take judicial notice of the publically recorded Grant Deed granting the Property to Plaintiff and his spouse as joint tenants ("Grant Deed"), as well as the

publically recorded Interspousal Transfer Deed in which Plaintiff's wife granted Plaintiff her joint-tenant share of the Property ("Interspousal Transfer Deed"). (NDEx's RFJN Ex. 1-2.)

A court "may take judicial notice of matters of public record and may consider them without converting a Rule 12 motion into one for summary judgment." United States v. 14.02 Acres of Land, 547 F.3d 943, 955 (9th Cir.2008) (internal quotations and citations omitted). The court takes judicial notice of the Substitution of Trustee, the Grant Deed, and the Interspousal Transfer Deed, since these documents are publically recorded and concern the Property.

Plaintiff also requests in his opposition to NDEx's motion, that judicial notice be taken of injunction briefs and an restraining order which are not relevant to the pending motions. Since these documents are not relevant to the pending motions they will not be considered.

### III.   ANALYSIS

Defendants seek dismissal of Plaintiff's two wrongful foreclosure claims. Plaintiff alleges in his first wrongful foreclosure claim: "[o]n or about January 28, 2008[,]" MERS did not effectively assign the Deed of Trust since MERS "is not a party to the [ARN] or the Deed of Trust," "has no beneficial interest in the [ARN] or Deed of Trust," and "'as a nominee'" for the Lender, MERS "is not the legal beneficiary of the Deed of Trust or [ARN]." (FAC ¶¶ 30-31.) Further, Plaintiff alleges that "[s]ince HSBC was never properly assigned the Deed of Trust, HSBC had no power to foreclose on the Property and the trustee's sale was unlawful," even though the "Trustee's Deed Upon Sale indicates that HSBC was the foreclosing beneficiary." (Id. ¶ 32.)

1          Wells Fargo, MERS, and HSBC argue this claim fails because
2   Plaintiff's allegations are contrary to the Deed of Trust in which it
3   is states: "MERS is the beneficiary under this Security Instrument;"
4   and therefore, MERS was "authorized to undertake actions permitted
5   under the Deed," such as selling the ARN without prior notice to
6   Plaintiff.  (Wells Fargo's Mot. 7:5-20.)  Wells Fargo, MERS, and HSBC
7   cite Benham v. Aurora Loan Services, No. C-09-2059 SC, 2009 WL 2880232
8   (N.D. Cal. September 1, 2009) in support of their position that since
9   MERS was the beneficiary, MERS had authority to assign the Deed of
10  Trust.  NDEx makes the same argument.  (NDEx's Mot. 9:1-7.)

11         Plaintiff counters in his opposition to NDEx's motion that
12  MERS is "not an economic 'beneficiary' under the Deed of Trust; it
13  [did not] collect . . . money, no[r] . . . realize any value of the
14  prop[erty] at foreclosure sale," and under California Civil Code
15  section 2932.5, "the power of sale can only vest [in] one who is
16  entitled to receive money payments," therefore MERS could not assign
17  the ARN and Deed of Trust to HSBC.  (Opp'n 8:14-22.)

18         NDEX rejoins that California Civil Code section 2932.5
19  ("Section 2932.5") concerns "mortgagee[s,]" not beneficiaries like
20  MERS in this case.  (NDEx's Reply 3:9-4:11.)  Section 2932.5 states:

>           Where a power to sell real property is given to a
>           mortgagee, or other encumbrancer, in an instrument
>           intended to secure the payment of money, the power
>           is part of the security and vests in any person who
>           by assignment becomes entitled to payment of the
>           money secured by the instrument. The power of sale
>           may be exercised by the assignee if the assignment
>           is duly acknowledged and recorded.

CAL. CIV. CODE § 2932.5 (emphasis added).

           Plaintiff's argument is unpersuasive in light of the

6

language in Section 2932.5. Further, the Deed of Trust, which was recorded on October 6, 2006, names MERS as the beneficiary, acting solely as a nominee for Resmae and Lenders First Choice, as the Trustee. (Pl's Ex. 2.) Moreover, as stated in Benham, "as the beneficiary under the Deed of Trust, it is clear that MERS had . . . had the authority to assign its beneficial interest under the Deed of Trust to [Defendant];" and since "MERS held legal title to the interests granted by Plaintiff in the Deed of Trust, [it] had the right to foreclose and sell the property if Plaintiff defaulted on [his] loan." 2009 WL 2880232 at *3-4.

Plaintiff also argues that MERS could not assign the ARN or foreclose on the property because "MERS never [held] the ARN." (Opp'n 9:19.)  However, "[u]nder California law, there is no requirement for the production of the original note to initiate a non-judicial foreclosure." Casteneda v. Saxon Mortg. Services, Inc., No. CIV. 2:09-01124 WBS DAD, --- F.Supp.2d ----, 2009 WL 4640673 at *7 (E.D. Cal. Dec. 3, 2009)(citing Oliver v. Countrywide Home Loans, Inc., No. CIV S0-1381 FCD GGH, 2009 WL 3122573, at *3 (E.D. Cal. Sept. 29, 2009) (citing Alvara v. Aurora Loan Servs., No. C-0-1512 SC, 2009 WL 1689640, at *6 (N.D. Cal. Jun.16, 2009)); Putkkuri v. Recontrust Co., No. 08cv1919 WQH (AJB), 2009 WL 32567, at *2 (S.D. Cal. Jan. 5, 2009); Kamp v. Aurora Loan Servs., No. SACV 09-00844-CJC(RNBx), 2009 WL 3177636, at *4, (C.D. Cal. Oct. 1, 2009); Champlaie v. BAC Home Loans Servicing, LP, No S-09-1316 LKK/DAD, 2009 WL 3429622, at *13-14 (E.D.Cal. Oct. 22, 2009) (stating possession of the note is not required for non-judicial foreclose on a property).

Plaintiff also contends that "the Notice of Default lists

'America's Servicing Company, C/O Ndex West, LLC' as the beneficiary [but] [t]here is certainly no assignment on record transferring the [ARN] or Deed of Trust to America's Servicing Company." (Opp'n 10:7-9.) This contention belied by the Notice of Default, which identifies "Mortgage Electronic Registration Systems, Inc. (MERS), as Beneficiary Recorded on 10/06/2006." (Pl's Ex. 3.)

Therefore, Plaintiff's first claim for wrongful foreclosure based on the allegation that MERS was not the named beneficiary and had no right to assign the Deed of Trust is dismissed.

Defendants also seek dismissal of Plaintiff's second wrongful foreclosure claim, in which Plaintiff alleges Defendants failed to validly substitute a trustee. Specifically, Plaintiff alleges that "[o]n or about March 11, 2008, a trustee's sale was noticed for the Property," indicating NDEx was the trustee, but for the actual sale on November 4, 2008, there was no "properly filed assignment of [t]rustee giving NDEx the right to conduct a trustee's sale on the Property." (Id. ¶ 37.) Plaintiff also alleges there was no proper notice of the trustee's sale on November 11 2008. (Id. ¶ 39.) Although Plaintiff alleges in paragraph 37 of the FAC that the trustee's sale occurred on November 11, 2008, the Trustee's Deed Upon Sale which Plaintiff attaches to his complaint as Exhibit 6 shows the trustee's sale occurred on November 4, 2008. (Pl's Ex. 6.) Further, Plaintiff alleges that since "Resmae had already been paid in full on the indebtedness that the Deed of Trust secures," "the foreclosure [was] wrongful." (Id. ¶ 40.) This allegation against Resmae has been dismissed since Plaintiff has not opposed the dismissal of Resmae as a defendant.

Defendants argue Plaintiff's first allegation that there was

8

no properly filed assignment of NDEx as trustee fails because NDEx was properly substituted as trustee under California Civil Code § 2934a(d) by the Substitution of Trustee, which was recorded on February 21, 2008. (Wells Fargo's Mot. 8:3-11, Wells Fargo's RFJN Ex. 2); (NDex's Mot. 8:3-6; NDEx's RFJN Ex. 6.)  NDEx also argues "[r]egardless, no substitution was necessary to conduct the foreclosure because NDEx[,] act[ing] as the 'agent' for the beneficiary" under California Civil Code 2924(a)(1) could "commence the nonjudicial foreclosure by recording and servicing a notice of default."  (NDex's Mot. 8:6-11.)

Plaintiff counters in his opposition to NDEx's motion that because MERS is not the "true beneficiary," it follows that HSBC was not properly assigned the Deed of Trust and NDEx was not properly substituted as trustee. (Opp'n 10:13-16.)  Plaintiff also argues since NDEx lacked authority to foreclose on his property, the trustee's sale was void.  Plaintiff cites <u>Dimock v. Emerald Properties</u>, 81 Cal.App.4th 868, 871(2000), as support for this argument, in which the Court held that a "[trustee's] sale by the prior trustee was void" when a new trustee had been substituted. (Opp'n 10:11-11:15, 12:20-23.).

"California Civil Code Section 2934a authorizes the beneficiary to substitute the trustee. [Therefore,] [w]hen MERS substituted [NDEx] as trustee . . . MERS had the authority, as beneficiary, to make the substitution.  Thus, [NDEX] was authorized to initiate foreclosure sale in the capacity of the trustee, as well as in the capacity as an agent for MERS . . . ." <u>Martinez v. America's Wholesale Lender</u>, No. C 09-05630 WHA, 2010 WL 934617, at *4 (N.D.Cal. March 15, 2010).  Further, California Civil Code section 2934a(d) states:

> [a] trustee named in a recorded substitution of trustee shall be deemed to be authorized to act as the trustee under the mortgage or deed of trust for all purposes from the date the substitution is executed by the mortgagee, beneficiaries, or by their authorized agents. . . . Once recorded, the substitution shall constitute conclusive evidence of the authority of the substituted trustee or his or her agents to act pursuant to this section.

CAL. CIV. CODE 2934a(d)(emphasis added).

Under California Civil Code section 2934a MERS, as the beneficiary, properly substituted NDEx and this substitution became effective when the Substitution of Trustee was recorded on February 21, 2008. As of this date, NDEx was a trustee under California Civil Code 2934a(d), "for all purposes" during the foreclosure on Plaintiff's property. Therefore, Plaintiff's allegation that there was no properly filed "assignment" of NDEx as the trustee is dismissed.

Defendants also argue that Plaintiff's allegation in his second wrongful foreclosure claim that he did not receive notice of the trustee's sale on November 4, 2008, fails since Plaintiff received a notice of trustee's sale for the March 11, 2008, sale, which was scheduled less than a year before the November 4, 2008, sale.

Under California law, "a new notice of sale must be provided only if the sale is postponed for a period or periods totally more than 365 days." (Wells Fargo's Mot. 8:14-19); (NDEx's Mot. 8:12-19.)

California Civil Code 2924g(c)(1)-(2)(c)(1) states:

> There may be a postponement or postponements of the sale proceedings . . . at any time prior to the completion of the sale for any period of time not to exceed a total of 365 days from the date set forth in the notice of sale. . . In the event that the sale proceedings are postponed for a period or periods totaling more than 365 days, the scheduling

10

```
            of any further sale proceedings shall be preceded
            by giving a new notice of sale in the manner
            prescribed in Section 2924f.
```

CAL. CIV. CODE 2924g(c)(1)-(2)(c)(1)(emphasis added). Since Plaintiff alleges he received a notice of the trustee's sale scheduled March 11, 2008, which was less than 365 days before the actual November 4, 2008, trustee's sale, Plaintiff's second wrongful foreclosure claim fails and is dismissed.

Defendants also seek dismissal of Plaintiff's two remaining rescission claims. Plaintiff alleges in his first rescission claim that Defendants failed to properly assign the Deed of Trust to HSBC and therefore HSBC "had no authority to sell the property" and the sale "must be rescinded;" and Plaintiff alleges in his second rescission claim that Defendants failed to validly substitute NDex as Trustee and because of this failure the foreclosure is invalid and must be rescinded. (Id. ¶¶ 35, 41-43.)

Defendants argue these claims fail because Plaintiff has not alleged he has tendered the amount due under the ARN. (Wells Fargo's Mot. 6: 2-3);(NDEx's Mot. 6:17-21.) Plaintiff counters that he does not have to tender the amount due under the ARN because he is asserting the "foreclosure did not comply with the strict statutory requirements of a non-judicial foreclosure," and thus he is not "relying on equity to attack the trustee's deed" and "does not need to tender the amount of the debt." (Opp'n 13:6-11.) Plaintiff's argument explains his rescission claims are based purely on the alleged statutory defects in the foreclosure.

Contrary to Plaintiff's allegations that the foreclosure did not comply with strict statutory requirements, MERS, as the beneficiary, properly assigned the Deed of Trust to HSBC, which is

11

reflected in the Assignment of the Deed that was publically recorded on January 28, 2008. (Pl's Ex. 4.)  Further, as discussed above, NDEx was properly substituted as trustee, as shown in the Substitution of Trustee recorded on February 21, 2008.  (Wells Fargo's RFJN Ex. 2); (NDEx's RFJN Ex. 6.)  Therefore, Plaintiff's allegations that the foreclosure was defective fail, and Plaintiff's rescission claims are dismissed.

### IV.  LEAVE TO AMEND

Plaintiff requests leave to amend his claims only against NDEx. (Opp'n 13:15-17.)  NDEx counters that Plaintiff has "fail[ed] to state how his fatally defective [FAC] can be amended."  (NDEx's Reply 8:13-18.)

Plaintiff has been given leave to amend before, and yet the amended claims in the FAC are not supported by the record and are dismissed again in this order.  Further, Plaintiff has not shown how he could cure his claims through amendment.  "When a proposed amendment would be futile, there is no need to prolong the litigation by permitting further amendment."  Chaset v. Fleer/Skybox Int'l, LP, 300 F.3d 1083, 1088 (9th Cir.2002).  Therefore, Plaintiff's request for leave to amend is denied.

### V.  CONCLUSION

For the foregoing reasons, each Defendant's dismissal motion is granted with prejudice, and this action shall be closed.

Dated:  April 29, 2010

_____
GARLAND E. BURRELL, JR.
United States District Judge